IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                       |   |                               |
|-----------------------|---|-------------------------------|
| HESMAN TALL           | : |                               |
|                       | : |                               |
| v.                    | : | Civil Action No. DKC 13-2306  |
|                       | : |                               |
| MV TRANSPORTATION     | : |                               |
|                       | : |                               |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Fair Labor Standards Act ("FLSA") case is the motion to dismiss the amended complaint filed by Defendant MV Transportation, Inc. ("MV Transportation" or "Defendant"). (ECF No. 21). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendant's motion to dismiss will be granted in part and denied in part.

## I.   Background

From September 2009 until January 6, 2011, Plaintiff was employed by MV Transportation as a Paratransit Driver/Operator.[1] He was terminated on January 6, 2011. On August 8, 2013, Plaintiff, proceeding *pro se*, brought a complaint against MV Transportation for unpaid wages and overtime under the FLSA, 29

---

[1] The allegations contained in Plaintiff's initial complaint are set forth in the June 30, 2014 memorandum opinion. (ECF No. 18).

U.S.C. § 201 *et seq.* (ECF No. 1).   Defendant moved to dismiss the complaint on October 10, 2013. (ECF No. 8).   On October 17, 2013, Plaintiff moved to strike Defendant's motion to dismiss, which was construed as his opposition. (ECF No. 10).   On June 30, 2014, the undersigned issued a memorandum opinion and order granting in part Defendant's motion to dismiss, finding most of Plaintiff's allegations time-barred, but granting Plaintiff twenty-one (21) days to amend his complaint in order to state a claim within the confines of the statute of limitations. (ECF No. 18).

Plaintiff filed an amended complaint on July 15, 2014. (ECF No. 20).   Defendant moved to dismiss the amended complaint on August 1, 2014. (ECF No. 21).   Plaintiff opposed the motion and Defendant replied. (ECF Nos. 23 & 24).

## II.  **Standard of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).   A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 n.3 (2007).   That showing must

2

consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (*citing Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cnty. Com'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (*quoting* Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task

that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. Analysis

### A.   Statute of Limitations

In Plaintiff's initial complaint, he attempted to allege FLSA violations dating back to September 2009. (ECF No. 1).  In the original motion to dismiss, Defendant argued that the two-year statute of limitations applied, barring all of Plaintiff's claims.  Plaintiff argued that the three-year statute of limitations applied because he pled willful violations of the FLSA.  In the June 30, 2014 memorandum opinion, the undersigned concluded that "[even] [i]f the three-year statute of limitations applies, [] many of Plaintiff's claims are still precluded. . . .  To support his FLSA claims, Plaintiff can only rely on allegations from August 8, 2010 to January 6, 2011, the date he was terminated." (ECF No. 18, at 8).

In the amended complaint, Plaintiff "requests that the court consider applying the Lily Ledbetter Fair Pay Act of 2009 which would allow the complaint to be effective retroactively to the date of the first paycheck." (ECF No. 20, at 1).  This Act, which amended Title VII, covers employees who face discrimination in compensation because of race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-5(e)(3)(A).  Nowhere in his original or amended complaint, however, did Plaintiff

allege that Defendant discriminated against him in his employment based on his protected status. Plaintiff's request is devoid of any explanation as to why the Act is *applicable* in his case. Instead, Plaintiff requests that the Act be applied simply to expand the time period for which he can attempt to seek recovery under the FLSA. Furthermore, Plaintiff was granted leave to amend on the limited issues outlined in the June 30, 2014 memorandum opinion, and Plaintiff may not ignore these boundaries in an attempt potentially to plead additional claims outside of his overtime and minimum wage claims. *Tall v. MV Transportation*, Civ. Action No. DKC 12-2306, 2014 WL 2964279, at *5 (D.Md. June 30, 2014) ("Plaintiff will not, however, be permitted to assert new claims or allege facts outside the scope of the overtime or minimum wage claims he attempted to raise initially.").

   **B.   Overtime Claim**

   Defendant argues that Plaintiff's amended complaint fails to cure the deficiencies in the original complaint and should be dismissed. (ECF No. 21-1, at 2). In support of the overtime claim, Plaintiff originally asserted that he worked over forty hours a week but was not compensated one and a half times his regular rate of pay. (ECF No. 10, at 9). He stated that he performed tasks "off-the-clock" for which he was not compensated. (ECF No. 1, at 2). In the initial motion to

dismiss, Defendant argued that Plaintiff provided "absolutely no facts regarding when this denial of overtime purportedly occurred [] or the approximate[] number of hours of overtime he was allegedly denied." (ECF No. 8-1, at 5-6). Plaintiff submitted with his opposition to Defendant's initial motion to dismiss payroll records reflecting that from August 2010 until January 2011, he worked over forty hours on some weeks. It was not clear, however, whether he was compensated for the additional hours, or which weeks Plaintiff was allegedly denied overtime payment. The June 30, 2014 memorandum opinion and order identified information that Plaintiff must allege in the amended complaint to determine whether Plaintiff stated an overtime claim under the FLSA. (ECF Nos. 18 & 19). Specifically, Plaintiff was required:

> to indicate exactly how many overtime hours he worked each week between August 8, 2010 and January 2011, his regular rate of pay at the time, and the amount he was compensated each week that he claims Defendant owed him overtime.

(ECF No. 18, at 11).

Plaintiff has included as exhibits to his two-page amended complaint copies of paycheck stubs, which detail pay rate, hours worked, and net pay. (*See* ECF No. 20-3). Additionally, the amended complaint contains a spreadsheet - presumably created by Plaintiff - detailing the weeks when Plaintiff allegedly worked

overtime hours for which he was not compensated. (*See* ECF No. 20-1). Section 207 requires employers to compensate their employees "at a rate not less than one and one-half times the regular rate" for any hours worked in excess of forty per week. 29 U.S.C. § 207(a)(1). "To state a *prima facie* case under the FLSA, plaintiff must show 'as a matter of just and reasonable inference that the wages paid to him did not satisfy the requirements of the FLSA.'" *Avery v. Chariots For Hire*, 748 F.Supp.2d 492, 496 (D.Md. Sept. 16, 2010) (*quoting Caro-Galvan v. Curtis Richardson, Inc.*, 993 F.2d 1500, 1513 (11th Cir. 1993)).

Defendant argues that for almost every week in which Plaintiff alleges he worked overtime hours during the applicable time period, the paycheck stubs that Plaintiff submits as exhibits reflect that he was, in fact, paid one and a half times his regular rate of pay. (*See* ECF No. 20-3). Out of the eighteen (18) weeks within the statute of limitations, fourteen (14) of those weeks have paycheck stubs showing that Plaintiff was compensated for overtime hours. (*See* ECF No. 20-3).[2] Defendant points out, by way of example, that according to Plaintiff's spreadsheet, from September 4, 2010 through

---

[2] Plaintiff submits that he was not paid overtime during the week of July 29, 2010 to August 6, 2010. (*See* ECF No. 20-1, at 2). For the reasons explained in the original memorandum opinion, events preceding August 8, 2010 are time-barred.

September 18, 2010, he worked 85 hours, but was denied five hours of overtime. The paystubs he submits for those pay periods reflect that he was paid for 8.23 hours worked in overtime during this time frame. (ECF No. 20-3, at 8).

Defendant relies on this example from Plaintiff's spreadsheet – and others – to show that the paycheck stubs contradict Plaintiff's spreadsheet identifying overtime for which he was not compensated. Defendant overlooks the allegations contained in Plaintiff's original complaint, however. The crux of Plaintiff's overtime claim is that he was required to perform certain assignments "off-the-clock" which were not considered "work" by MV Transportation and for which he was not compensated, including having to meet with supervisors, complete route paperwork, and inspect the vehicle he was operating. (*See* ECF No. 1). The fact that the paystubs reflect that Plaintiff was paid overtime during some weeks does not contradict his allegations that he spent *additional* time working, but that work was performed "off-the-clock" and did not count toward his compensation. In other words, although MV Transportation compensated Plaintiff for some overtime hours worked, the complaint alleges that he worked *additional* hours which were counted "off-the-clock." The spreadsheet Plaintiff has provided complies with the instruction in the prior memorandum opinion requiring him to indicate the number of hours

worked during the relevant weeks for which he was not compensated.

   Accordingly, the overtime claim will not be dismissed.

   **C.   Minimum Wage Claim**

   As for the minimum wage claim, Defendant contends that Plaintiff's amended complaint alleging minimum wage violations fails to state a claim because his average hourly wage never fell below the statutory minimum wage.  (ECF No. 21-1, at 8). As explained in the prior memorandum opinion, in order to state a claim for a minimum wage violation under the FLSA, Plaintiff must allege that he did not receive compensation equal to or exceeding the product of the total number of hours worked and the statutory minimum hourly rate during a given week.  *See Blankenship v. Thurston Motor Lines, Inc.*, 415 F.2d 1193, 1198 (4th Cir. 1969).   Thus, the relevant analysis is whether the average wage per hour of work completed falls below the minimum wage.  *Id.*  Plaintiff was instructed to:

> identify in the amended complaint the number
> of hours worked in a work week and the
> remuneration given by Defendant for that
> week.   Specifically, Plaintiff's amended
> complaint must indicate the number of hours
> worked in each work week and exactly how
> much Defendant paid him in each work week,
> limited to the time period between August 8,
> 2010 and his termination in January 2011.

*Tall*, 2014 WL 2964279, at *5.  In other words, Plaintiff was granted to leave to amend in order to demonstrate that for each

week between August 8, 2010 and January 2011, when he alleged a minimum wage violation, the total amount paid in a week divided by the total hours worked in a week results in an average hourly rate that falls below the minimum wage.

In the amended complaint, Plaintiff again alleges that he performed work during certain hours of the day for which he was not compensated. (ECF No. 20, at 2). The FLSA, however, "does not guarantee that employees are paid for every hour of work and does not allow for employees to recover more than the statutory minimum wage." *Avery*, 748 F.Supp.2d at 501. Plaintiff's amended complaint contains a spreadsheet detailing Plaintiff's hours worked during each week and the net amount actually compensated.[3] Defendant argues that the FLSA minimum wage "calculation can be repeated using every p[ay] period identified on Plaintiff's spreadsheet and not a single one demonstrates that his average weekly wage ever fell below the federal minimum wage." (ECF No. 21-1, at 8) (emphasis in original). Defendant's contention is accurate. In calculating the amount of compensation he received weekly, Plaintiff appears to use the net pay. In properly calculating the average hourly wage, however, the relevant figure to use is the total *gross*

---

[3] Plaintiff provides additional information in the spreadsheet, but the only relevant factors to the minimum wage analysis are the number of hours worked and the total compensation paid in a given week. (*See* ECF No. 20-1).

10

compensation, not the net pay.  For each week that Plaintiff believes he was denied minimum wage, the total gross compensation Plaintiff received divided by the total number of hours worked, even including those he asserts were "off-the-clock," actually exceeds the minimum wage.[4]  Accordingly, the minimum wage claim will be dismissed.[5]

## IV.  Conclusion

For the foregoing reasons, Defendant's motion to dismiss will be granted in part and denied in part.  A separate order will follow.

/s/
_____
DEBORAH K. CHASANOW
United States District Judge

---

[4] The $7.25 per hour rate applies to Plaintiff's claims.

[5] Plaintiff also insists in his opposition to the instant motion to dismiss that [D]efendant [i]s knowingly continuing to withhold $150 from his pay for a speeding camera ticket that was dismissed.  . . .  To this date, [] [D]efendant still has not reimbursed Plaintiff."  (ECF No. 23, at 3).  As Defendant points out, however, unless Plaintiff can demonstrate that this alleged deduction caused his average weekly wage to fall below the federal minimum wage during the applicable pay period, this allegation does not support his minimum wage claim.  (ECF No. 23, at 3).  Plaintiff has not pled in his amended complaint that Defendant's alleged failure to reimburse him $150 caused his average hourly rate to fall below minimum wage during the applicable pay period.